**FILED**

**OCT 31 2012**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Subpoena in:<br><br>DR. GARY K. MICHELSON and<br>KARLIN HOLDINGS LIMITED<br>PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>PROSKAUER ROSE, LLP and<br>DOES 1 THROUGH 20, INCLUSIVE,<br><br>Defendants. | Case: 1:12-mc-00571<br>Assigned To : Sullivan, Emmet G.<br>Assign. Date : 10/31/2012<br>Description: Miscellaneous |

## NOTICE OF REMOVAL OF A SUBPOENA MATTER

The United States Department of Justice[1] ("DOJ"), by and through undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1442(a)(1) & 1446. In support of this Notice, the following facts are relied upon:

1. DOJ is in receipt of a subpoena *duces tecum* for the case of *Dr. Gary K. Michelson and Karlin Holdings Limited Partnership v. Proskauer Rose, LLP and DOES 1 through 20, inclusive*, Civil Action No. 0008163-12, a Civil Action in the Civil Division of the Superior Court of the District of Columbia. Plaintiff in that case sought a subpoena for the defendants Proskauer Rose, LLP and DOES 1 through 20, inclusive. A copy of the subpoena is attached hereto as Exhibit A.

2. DOJ is an agency of the United States pursuant to 28 U.S.C. § 1442(a)(1). *See*

---

[1] The United States Department of Justice is not a party to this suit and does not concede that it is a proper party by filing this Notice of Removal, and it expressly preserves any arguments that it is an improper party here.

*Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408 (D.C. Cir. 1995). Thus, the Civil Action is properly before this Court.

WHEREFORE, this Civil Action is properly removed from the Superior Court for the District of Columbia to this Court.

October 31, 2012

                        Respectfully submitted,

                        RONALD C. MACHEN JR.
                        D.C. Bar No. 447889
                        United States Attorney

                        DANIEL F. VANHORN
                        D.C. Bar No. 924092
                        Chief, Civil Division

By: /s/ Marian L. Borum
                        MARIAN L. BORUM
                        D.C. Bar No. 435409
                        Assistant United States Attorney
                        Civil Division
                        555 Fourth Street, N.W.
                        Washington, D.C. 20530
                        Telephone: 202-514-6531
                        Facsimile: 202-514-8780
                        Email: Marian.L.Borum@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice of Removal of a Subpoena Matter was served, by facsimile, on the following on this 31st day of October, 2012:

Matthew Cohen
Mintz Levin
701 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Facsimile: (202) 434-7400

MARIAN L. BORUM
Assistant United States Attorney

# EXHIBIT A

# MINTZ LEVIN

Matthew Cohen | 202 434 7348 | mcohen@mintz.com

701 Pennsylvania Avenue, NW
Washington, DC 20004
202-434-7300
202-434-7400 fax
www.mintz.com

October 17, 2012

**VIA REGISTERED AGENT**

Dennis M. Donahue
Chief Senior Litigation Counsel
U.S. Department of Justice
Tax Division
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Re: *Dr. Gary K. Michelson and Karlin Holdings Ltd. Partnership v. Proskauer Rose, LLP and Does 1 through 20, inclusive*
Case No. BC-384760, Superior Court of the State of California, County of Los Angeles, Central District

Dear Sir:

Enclosed please find a subpoena relating to the above-referenced matter. This subpoena commands you to produce copies of any and all documents described in "Attachment 3" to Matthew Cohen at Mintz Levin, 701 Pennsylvania Avenue, NW, Suite 900, Washington, DC 20004 by no later than **Tuesday, November 6, 2012.**

Please contact Keith P. Carroll at (617) 348-4425 with any questions regarding the enclosed subpoena.

Sincerely,

Matthew Cohen

Enclosure

cc: Keith P. Carroll, Esq.
Jennifer J. McGrath, Esq.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**
BOSTON | LONDON | LOS ANGELES | NEW YORK | SAN DIEGO | SAN FRANCISCO | STAMFORD | WASHINGTON

SUBPOENA

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001    Telephone (202) 879-1133

Dr. Gary K. Michelson and Karlin Holdings Limited Partnership
_____
Plaintiff

**SUBPOENA IN A CIVIL CASE**

v.

Proskauer Rose, LLP and DOES 1 through 20, inclusive
_____
Defendant

CASE NUMBER: 0008163-12

To: Dennis M. Donahue in his official capacity as Chief Senior Litigation Counsel and/or Records Custodian

☐ **YOU ARE COMMANDED** to appear in this Court at the place, date, and time specified below to testify in the above case.

| COURTROOM | DATE | TIME |
|---|---|---|
|  |  |  |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE | TIME |
|---|---|---|
|  |  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Super. Ct. Civ. R. 30(b)(6).

☒ **YOU ARE COMMANDED** to produce and permit inspection copying of the following documents or objects at the place, date, and time specified below *(list documents or objects)*:

| DOCUMENTS OR OBJECTS |
|---|
| SEE ATTACHMENT THREE TO ATTACHED SUBPOENA |

| PLACE OF PRODUCTION | DATE | TIME |
|---|---|---|
| Matthew Cohen, Esq. Mintz Levin PC, 701 Pennsylvania Avenue, NW, Suite 900 Washington, DC 20004 | 11/6/2012 | 10:00 AM |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE | TIME |
|---|---|---|
|  |  |  |

| ISSUING PERSON'S SIGNATURE AND TITLE (Indicate if attorney for plaintiff or defendant) | DATE |
|---|---|
| *[signature]* Deputy Clerk | 10/17/2012 |

ISSUING PERSON'S NAME, ADDRESS AND PHONE NUMBER
Superior Court of the District of Columbia
Civil Division
500 Indiana Avenue, N.W.
Room 5000
Washington, DC 20001

(SEE SUPERIOR COURT RULE OF CIVIL PROCEDURE 45(c) ON REVERSE)

WHITE - FOR RETURN OF SERVICE          YELLOW - FOR SERVICE

Form CV-433/June 2012

1

Case Number: _____     Court Date: _____

Authorization as required by D.C. Code § 14-307 and *Brown v. U.S.*, 567 A.2d 426 (D.C. 1989), is hereby given for issuance of a subpoena for medical records concerning a person who has not consented to disclosure of the records and has not waived the privilege relating to such records.

_____
Judge To Whom Case is Assigned

## PROOF OF SERVICE

| SERVED | DATE | TIME | PLACE |
|---|---|---|---|
|  |  |  |  |

## SERVED ON

| NAME | TITLE |
|---|---|
|  |  |

**MANNER OF SERVICE (attach return receipt if service was made by registered or certified mail)**

I served the subpoena by delivering a copy to the named person as follows:

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled cause and that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
            DATE                           SIGNATURE OF SERVER

                                           _____
                                           ADDRESS OF SERVER

**SUPERIOR COURT RULE OF CIVIL PROCEDURE 45(c)-(d)**
(c) Protection of persons subject to subpoenas.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
  (3)(A) On timely motion, the Court shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 25 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this Rule, such a person may in order to attend trial be commanded to travel from any such place to the place of trial, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 25 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.
(d) Duties in responding to subpoena.
  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Form CV-433/June 2012

2

> RECEIVED
> Civil Clerk's Office
> OCT 17 2012
> Superior Court of the
> District of Columbia
> Washington, D.C.

**SUBP-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Jennifer J. McGrath (SBN 211388)
Kinsella Weitzman Iser Kump & Aldisert LLP
808 Wilshire Boulevard, Suite 300, Santa Monica, CA 90401-1894
TELEPHONE NO.: 310-566-9800   FAX NO.: 310-566-9805
E-MAIL ADDRESS: jmcgrath@kwikalaw.com
ATTORNEY FOR (Name): Plaintiffs Dr. Gary Michelson and Karlin Holdings Limited Partnership

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL

PLAINTIFF/PETITIONER: Dr. Gary K. Michelson and Karlin Holdings Limited Partnership
DEFENDANT/RESPONDENT: Proskauer Rose, LLP

**DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS**

CASE NUMBER: BC 384760

THE PEOPLE OF THE STATE OF CALIFORNIA, TO (name, address, and telephone number of deponent, if known):
Dennis M. Donahue in his official capacity as Chief Senior Litigation Counsel, and/or Records Custodian, U.S. Department of Justice, Tax Division, 950 Pennsylvania Ave., NW, Washington, DC 20530-0001

1. YOU ARE ORDERED TO PRODUCE THE BUSINESS RECORDS described in item 3, as follows:

   To (name of deposition officer): Jennifer J. McGrath, Esq.
   On (date): October 26, 2012    At (time): 10:00 AM
   Location (address): 808 Wilshire Blvd., 3rd Floor, Santa Monica, CA 90401
   Do not release the requested records to the deposition officer prior to the date and time stated above.

   a. [✓] by delivering a true, legible, and durable copy of the business records described in item 3, enclosed in a sealed inner wrapper with the title and number of the action, name of witness, and date of subpoena clearly written on it. The inner wrapper shall then be enclosed in an outer envelope or wrapper, sealed, and mailed to the deposition officer at the address in item 1.
   b. [ ] by delivering a true, legible, and durable copy of the business records described in item 3 to the deposition officer at the witness's address, on receipt of payment in cash or by check of the reasonable costs of preparing the copy, as determined under Evidence Code section 1563(b).
   c. [ ] by making the original business records described in item 3 available for inspection at your business address by the attorney's representative and permitting copying at your business address under reasonable conditions during normal business hours.

2. The records are to be produced by the date and time shown in item 1 (but not sooner than 20 days after the issuance of the deposition subpoena, or 15 days after service, whichever date is later). Reasonable costs of locating records, making them available or copying them, and postage, if any, are recoverable as set forth in Evidence Code section 1563(b). The records shall be accompanied by an affidavit of the custodian or other qualified witness pursuant to Evidence Code section 1561.

3. The records to be produced are described as follows (if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified):

   **SEE ATTACHMENT 3**

   [✓] Continued on Attachment 3.

4. IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, AND CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.

DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.

Date Issued: October 15, 2012

Jennifer J. McGrath
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF PERSON ISSUING SUBPOENA)
Attorney for Plaintiff
(TITLE)

(Proof of service on reverse)   Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-010 [Rev. January 1, 2012]

**DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS**

Code of Civil Procedure, §§ 2020.410-2020.440;
Government Code, § 68097.1
www.courts.ca.gov

**SUBP-010**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | BC 384760 |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS

1. I served this *Deposition Subpoena for Production of Business Records* by personally delivering a copy to the person served as follows:
   a. Person served *(name)*:

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. (1) ☐ Witness fees were paid.
          Amount: .............. $ _____
      (2) ☐ Copying fees were paid.
          Amount: .............. $ _____

   f. Fee for service: ............. $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:
   a. ☐ Not a registered California process server.
   b. ☐ California sheriff or marshal.
   c. ☐ Registered California process server.
   d. ☐ Employee or independent contractor of a registered California process server.
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
   f. ☐ Registered professional photocopier.
   g. ☐ Exempt from registration under Business and Professions Code section 22451.
   h. Name, address, telephone number, and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

(For California sheriff or marshal use only)
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

SUBP-010 [Rev. January 1, 2012]   **DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS**   Page 2 of 2

## ATTACHMENT 3

## INSTRUCTIONS

1. You are required to produce all documents requested that are within your possession, custody or control, or in the possession, custody or control of your attorneys, representatives, agents and/or other persons acting or purporting to act on your behalf.

## DEFINITIONS

A. The term "DOCUMENT(S)" means a writing, as defined in Evidence Code section 250, and includes but is not limited to any and all electronically stored data, including e-mails, attachments to e-mails, word processor documents, electronic archives, back-ups, CD-ROMs, audio or videotape recordings, microfilm, computer disks, computer printouts, and computer cards. A request for production of DOCUMENTS shall require production of all "originals," as that term is defined in California Evidence Code section 254, and all non-identical copies (whether different from the original because of notes made on such copies, because of indications that the copies were sent to different individuals than were the originals, or because of any other reason).

B. The term "FIDELITY MATTER" refers to the matter of *Fidelity International Currency Advisor A Fund, LLC, et al. v. United States of America*, Civil Action Nos. 05-40151-FDS, 06-40130-FDS, 06-40243-FDS, 06 40244-FDS.

C. The term "PROSKAUER" refers to Proskauer Rose LLP and all of its present and former employees, agents, representatives, attorneys, accountants, auditors, partners or partnerships, affiliates, successors, predecessors, parents, subsidiaries, and any other persons or entities acting on its behalf or under its direction or control, including, but not limited to, Ira Akselrad, Janet Korins, Apryl Hand and Matthew Sabloff.

1

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Any and all DOCUMENTS produced by PROSKAUER in the FIDELITY MATTER, including, but not limited to, any and all DOCUMENTS produced in response to a subpoena *duces tecum* served on PROSKAUER by the United States government.

### REQUEST FOR PRODUCTION NO. 2:

Any and all privilege logs produced by PROSKAUER in the FIDELITY MATTER.

### REQUEST FOR PRODUCTION NO. 3:

Any and all transcripts of depositions of PROSKAUER taken in the FIDELITY MATTER.