UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) |
| Petitioner | ) ) |
| v. | ) ) Civil Action No. 12-mc-00571 (EGS) |
| DR. GARY K. MICHELSON and KARLIN HOLDINGS LIMITED PARTNERSHIP, | ) ) ) ) ) |
| Respondents. | ) ) |

# MOTION TO QUASH

The United States Department of Justice ("DOJ"), Tax Division, by and through its undersigned counsel, and on behalf of Dennis M. Donahue, in his official capacity as Chief Senior Litigation Counsel, and /or Records Custodian, hereby moves to quash the subpoena issued in this matter.  The Court is respectfully referred to the accompanying memorandum of points and authorities in support of this motion.  A proposed order also accompanies this motion.

Respectfully submitted,

RONALD C. MACHEN JR.
D.C. Bar No. 447889
United States Attorney

DANIEL F. VANHORN
D.C. Bar No. 924092
Chief, Civil Division

By:    */s/ Marian L. Borum*
      MARIAN L. BORUM
      D.C. Bar No. 435409
      Assistant United States Attorney
      Civil Division
      555 Fourth Street, N.W.
      Washington, D.C. 20530
      Telephone: 202-514-6531
      Facsimile: 202-514-8780
      Email: Marian.L.Borum@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES DEPARTMENT OF JUSTICE,  )<br>)<br>Petitioner  )<br>)<br>v.  )<br>)<br>DR. GARY K. MICHELSON and  )<br>KARLIN HOLDINGS LIMITED  )<br>PARTNERSHIP,  )<br>)<br>Respondents.  )<br>) | Civil Action No. 12-mc-00571 (EGS) |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO QUASH

On October 19, 2012, the United States Department of Justice ("DOJ"), was served with a subpoena *duces tecum* for November 6, 2012, to produce documents related to the matter of *Fidelity International Currency Advisor A Fund, LLC, et al., v. United States of America*, Civil Action No. 05-40151-FDS, 06-40130-FDS, 06-40243-FDS, 06-40244-FDS.  *See* Exhibit A. These documents are being sought by Plaintiffs, Dr. Gary K. Michelson and Karlin Holdings Limited Partnership, for a lawsuit in the Superior Court of the State of California, Case No. BC-384760.  *See id.*  The subpoena matter was removed to this Court, consistent with *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 412-415 (D.C. Cir. 1995).  *See* Docket No. 1.

Applicable law and Department of Justice regulations preclude the production of the information requested by the subpoena, and jurisdiction is lacking to enforce a District of Columbia Superior Court subpoena for information from the federal government.  Thus, as more

fully explained below, the subpoena should be quashed.

## ARGUMENT

This Circuit has made clear that neither the District of Columbia Superior Court nor this Court has the jurisdiction to enforce a Superior Court subpoena when the party seeking enforcement has failed to comply with an agency's *Touhy* regulations.[1] *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). "In state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena." *Houston Business Journal v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1211 (D.C. Cir. 1996). In addition, "because a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government." *Id.* at 1212. Hence, the failure to comply with the regulations promulgated by the United States Department of Justice, 28 C.F.R. § 16.21, *et seq.*, requires this Court to quash the subpoena seeking information from Dennis M. Donahue, in his official capacity as Chief Senior Litigation Counsel, and /or Records Custodian of the DOJ Tax Division. *See* 28 C.F.R. 16.22(a); *Houston Business Journal*, 86 F.3d at 1211-12; *Lerner v. District of Columbia*, No. 00-1590 (GK), 2005 WL 2375175, at *2-3 (D.D.C. January 7, 2005); *Yousuf v. Samantar*, No. 05-110 (RBW), 2005 WL 1523385 at *5 and n.9 (D.D.C. May 3, 2005).

As the Court in *Yousuf* stated:

---

[1] ". . . [A] state-court litigant must request the documents from the federal agency pursuant to the agency's regulations." *Houston Business Journal*, 86 F.3d at 1211. "If the agency refuses to produce the requested documents, the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA." *Id. See Longtin v. Dep't of Justice, et al.*, No. 06-1302 (JMF), 2006 WL 2223999 at *1 (D.D.C. Aug. 3, 2006).

> "Whether Plaintiff seeks *testimony or production of documents* from the [agency], [they] must comply with the [agency's] Touhy regulations." *Lerner*, Civil Action No. 00-1590, Memorandum Opinion at 7 (emphasis added). *See also Edwards v. DOJ*, 43 F.3d 312, 317 (7th Cir. 1994) (holding that "Touhy is part of an unbroken chain of authority that supports the contention that a federal employee cannot be compelled to obey a subpoena, even a federal subpoena, that acts against valid agency regulations.").

Hence, because DOJ Touhy regulations prohibit DOJ employees from providing the information sought, *see* 28 C.F.R. 16.22(a), the Court is without jurisdiction to order compliance with the subpoena for agency information. Indeed, as this Circuit has held:

> When a litigant seeks to obtain documents from a non-party federal governmental agency, the procedure varies depending on whether the underlying litigation is in federal or state court. In state court, the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena. Under Fifth Circuit law, which the Texas district court followed, because a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government. *Louisiana v. Sparks*, 978 F.2d 226, 234-36 (5th Cir. 1992). Moreover a court cannot enforce a subpoena against an employee of the federal governmental agency when the agency has validly enacted a regulation . . . that withdraws from employees the power to produce documents. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 467-69 (1951); *id.* at 472-73 (Frankfurter, J., concurring).

*Houston Business Journal*, 86 F.3d at 1212. *See* 28 C.F.R. §§ 16.21 - 16.29; *see also*, *Edwards v. Dep't of Justice*, 43 F.3d 312, 315 (7th Cir. 1994); *Envtl. Enter., Inc. v. Envtl. Protection Agency*, 664 F. Supp. 585, 586 (D.D.C. 1987). Thus, because authorization under the Touhy regulations for the release of the information sought in the subpoena has not been secured, sovereign immunity precludes the Superior Court from entering an order compelling production. Moreover, a District Court upon removal similarly lacks subject matter jurisdiction to enforce the subpoena at issue. *Houston Business Journal*, 86 F.3d at 1212.

## **CONCLUSION**

For the foregoing reasons, the Court should order that the subpoena issued to DOJ by the Superior Court of the District of Columbia be quashed.

                                         Respectfully submitted,

                                         RONALD C. MACHEN JR.
                                         D.C. Bar No. 447889
                                         United States Attorney

                                         DANIEL F. VANHORN
                                         D.C. Bar No. 924092
                                         Chief, Civil Division

By:    */s/ Marian L. Borum*
            MARIAN L. BORUM
            D.C. Bar No. 435409
            Assistant United States Attorney
            Civil Division
            555 Fourth Street, N.W.
            Washington, D.C.  20530
            Telephone:  202-514-6531
            Facsimile: 202-514-8780
            Email: Marian.L.Borum@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 6th day of November, 2012, service of the foregoing Motion to Quash and proposed Order have been made by facsimile and regular mail to:

Matthew Cohen
Mintz Levin
701 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Facsimile: (202) 434-7400

                              By:    */s/ Marian L. Borum*
                                        MARIAN L. BORUM
                                        Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) | |
| Petitioner | ) ) ) | |
| v. | ) ) ) | Civil Action No. 12-mc-00571 (EGS) |
| DR. GARY K. MICHELSON and KARLIN HOLDINGS LIMITED PARTNERSHIP, | ) ) ) ) ) | |
| Respondents. | ) ) | |

## ORDER

Upon consideration of the Motion To Quash on behalf of the United States Department of Justice ("DOJ"), for the reasons set forth in support thereof, and upon consideration of the entire record herein, it is this _____ day of _____, 2012,

ORDERED, that the motion to quash shall be and is hereby granted, and it is

FURTHER ORDERED, that the subpoena issued to DOJ by the Superior Court (Civil Action No. 0008163-12) is quashed and this subpoena matter shall be and is hereby dismissed.

_____
UNITED STATES DISTRICT JUDGE